UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DARYL PERRY DONIEL PITTS,**

    Petitioner,

v.                                                        Case No. 8:25-cv-2408-MSS-CPT

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

    Respondent.
_____/

## O R D E R

Pitts filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court convictions. (Doc. 3) The Court reviews the amended petition for sufficiency. Rule 4, Rules Governing Section 2254 Cases.

Judicially noticed records[1] show that Pitts pleaded no contest to armed burglary, armed robbery, armed kidnapping, fleeing and eluding a law enforcement officer, leaving the scene of an accident, driving without a license, and resisting arrest without violence. *Pitts v. State*, No. 21-CF-3387 (Fla. 10th Jud. Cir.). The trial judge sentenced Pitts to fifteen years in prison. *Pitts*, No. 21-CF-3387 (Fla. 10th Jud. Cir.). Pitts did not appeal and did not seek post-conviction relief in state court.

---

[1] The Court attaches to this Order a copy of the state court docket, the information, and the state court judgment.

1

In his amended federal petition, Pitts asserts the following four grounds (Doc. 3 at 5–9):

> As a sovereign, we were not under the jurisdiction of the United States of America, when incorporated in 1871 to 1872. The only way that a United States District Court can have jurisdiction over a sovereign is if the latter volunteers to become a subject of the jurisdiction or fails to declare his independence as a sovereign within a social compact according to the principles of International Public Order.
>
> (Ground One)
>
> As a sovereign, "you're not a signatory to the Constitution and not a party to the social compact." In 1976, Congress took away any semblance of law or justice left within our court system. All law today is now construed, constructed, and made up by the judge.
>
> (Ground Two)
>
> The State cannot cite a sovereign because the state legislature can only regulate what they create. State does not create sovereign political power holders. Only "persons" can commit the state legislature-created crimes. A crime is by definition an offense committed against the "STATE/State." If I commit an offense against a human, it is called a tort. Torts are any personal injury, slander, or defamation of character.
>
> (Ground Three)
>
> The so-called Constitution of the United States for the United States of America was incorporated in 1871. The Thirteenth, Fourteenth, and Sixteenth Amendments were fraudulently enacted and [ ] this fraud renders the entire contract invalid on its face but is illicitly taught to be applicable to the sovereign people, when in fact it operates only and solely over all the employers of the corporation.
>
> (Ground Four)

Pitts demands his release from prison. (Doc. 3 at 14)

A one-year statute of limitation applies to a Section 2254 petition. 28 U.S.C. § 2244(d). The state court judgment entered on October 18, 2023. Pitts did not appeal, and the time to appeal expired thirty days later — November 17, 2023. Fla. R. App. P. 9.140(b)(3). The limitation period started to run the next day. 28 U.S.C. § 2244(d)(1)(A). Because Pitts did not seek post-conviction relief in state court, the limitation ran for a year and expired on November 18, 2024. *See* 28 U.S.C. § 2244(d)(2). Consequently, Pitts untimely filed his petition on September 2, 2025. (Doc. 1-2)

Also, Pitts admits that he did not exhaust his remedies in state court. (Doc. 3 at 5–11) The state court must have the first opportunity to review and correct any alleged violation of a federal right. 28 U.S.C. § 2254(b)(1)(A). *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If Pitts returned to state court to exhaust the claims, the post-conviction court would dismiss the claims as procedurally defaulted. Fla. R. Crim. P. 3.850(c). Consequently, the claims are procedurally barred in federal court. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Lastly, the Eleventh Circuit rejected as frivolous claims that attack a court's jurisdiction based on a theory of a "sovereign citizen." *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019)[2] (citing *United States v. Sterling*, 738 F.3d 228, 233

---

[2] 11th Cir. R. 36-1 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

3

n.1 (11th Cir. 2013)). Whether a state court has jurisdiction over a felony prosecution is an issue of state law. Consequently, the claims are not cognizable on federal habeas. 28 U.S.C. § 2254(a). "Prior to forming the Union, the States possessed 'separate and independent sources of power and authority' which they continue to draw upon in enacting and enforcing criminal laws." *Commonwealth of Puerto Rico v. Sanchez Valle*, 579 U.S. 59, 69 (2016) (quoting *Heath v. Alabama*, 474 U.S. 82, 89 (1985)). Under Florida law, the state circuit court had jurisdiction over the felony prosecution. § 26.012(2)(d), Fla. Stat.

Accordingly, Pitt's amended petition (Doc. 3) for a writ of habeas corpus is **DENIED**. The Clerk is **DIRECTED** to enter a judgment against Pitts and to **CLOSE** this case.

### DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS

Because Pitts neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on November 21, 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE